IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| CRAIG D. SMITH, | : | Civil No. 2:07-cv-00843 |
| Plaintiff, | : | |
| vs. | : | AMENDED REPORT & RECOMMENDATION |
| DELTA AIR LINES, INC., a Delaware Corporation, ALAN SAWAYA, and MINDY DAVISON, | : | JUDGE DALE A. KIMBALL |
| | | MAGISTRATE JUDGE BROOKE C. WELLS |
| Defendants. | | |

This matter is before this Court on a referral from District Court Judge Dale Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending, is defendant Delta Air Line Inc., defendant Alan Sawaya and defendant Mindy Davison's (collectively referred to as "defendants") motion for summary judgment.[1] On March 24, 2010, this Court issued a ruling requesting that Mr. Smith re-submit his opposition memorandum in a format that comports with Federal Rule of Civil Procedure 56(c).[2] Specifically, the Court requested that Mr Smith:

---

[1] Docket No. 49.

[2] Docket No. 67.

begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered, must refer with particularity to those portions of the record on which an opposing party relies and, if applicable must state the number of the movant's fact that is disputed. All material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purposes of summary judgment, unless specifically controverted by the statement of the opposing party identifying material facts of record meeting the requirements of Fed. R. Civ. 56.[3]

On April 13, 2010, Mr. Smith filed his "Amended Motion In Opposition To Defendants For Summary Judgment."[4] While Mr. Smith's amended pleading contains a new section entitled "Facts In Dispute Where Genuine Issue Exists" the pleading itself fails to comply with local federal rule 56. Specifically, the amended motion does not indicate those facts to which Mr. Smith contends a genuine issue exists, and therefore the Court has no knowledge of the facts actually in dispute nor those portions of the record relied upon in support thereof.

As a pro se litigant, Mr. Smith has been afforded additional opportunities to appropriately present his case. Through its prior ruling,[5] the Court advised Mr. Smith of the deficiencies in his pleadings and provided him with specific instruction on how to cure those defects.[6] Nevertheless, pro se parties are required to follow the same rules

---

[3] DUCivR 56-1(c).

[4] Docket No. 68.

[5] Ruling; Docket No. 67.

[6] <u>Bryner v. Bryner</u>, 2009 U.S. Dist. LEXIS 82855 *5

2

of civil procedure that govern all other litigants.[7]  Moreover, it is not the function of the Court to "assume the role of advocate for the pro se litigant."[8]

Here, despite instruction and additional time, Mr. Smith has failed to comply with local federal rule 56(c) by specifically identifying any facts in dispute.  Under the rule, unless specifically controverted, the movant's facts are deemed admitted for purposes of summary judgment.[9]  According, the Court hereby recommends[10] to the District Court that the defendants' motion for summary judgment be granted.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection to the proposed recommendations and findings must be filed within fourteen (14) days after being served with a copy of the recommended disposition.[11]  Failure to object may constitute a waiver of objections upon subsequent review.

---

[7] Garrett v. Selby, Conner, Maddux & Janner, 425 F.3d 836, 840 (10th Cir. 2005).

[8] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] DUCivR 56-1(c).

[10] A Report And Recommendation was filed on May 7, 2010.  That report, however, was incomplete in that it was neither signed nor dated by the Magistrate Judge and did not contain the correct time-frame for objection.  Additionally, it is unclear whether a mailed copy of that report was sent to Mr. Smith.  Consequently, this Court now files this Amended Report which hereby moots the May 7, 2010, report and any time frames contained therein.  All time frames set forth in this Report shall govern.

[11] Fed. R. Civ. P. 72(b)(2).

DATED this __11th__ day of May, 2010.


BY THE COURT:

Brooke C. Wells
United States Magistrate Judge