# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CRAIG D. SMITH,** <br><br> Plaintiff, <br><br> v. <br><br> **DELTA AIRLINES, INC., a Delaware corporation, ALAN SAWAYA, and MINDY DAVISON,** <br><br> Defendants. | **ORDER AFFIRMING REPORT & RECOMMENDATION** <br><br> Case No. 2:07CV843DAK |

This case was assigned to the United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B). Defendants Delta Airlines, Alan Sawaya, and Mindy Davison filed a Motion for Summary Judgment. Magistrate Judge Wells issued a Report and Recommendation on May 12, 2010, recommending that Defendants' Motion for Summary Judgment be granted. The Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

The Report and Recommendation notified the parties that any objections had to be filed within 14 days of being served with a copy. Plaintiff Smith filed his objection on May 27, 2010. Defendants filed their response on June 8, 2010. The matter is fully briefed.

The court has reviewed *de novo* the pleadings, the materials submitted in connection with Defendants' Motion for Summary Judgment, Magistrate Judge Well's May 12, 2010 Report and Recommendation, Plaintiff's objection to the Report and Recommendation, and Defendants' reply to the objections. Issues raised for the first time in objections to the magistrate judge's recommendation are not entitled to *de novo* review, and are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In Mr. Smith's December 5, 2010 Memorandum in Opposition to Summary Judgment, he failed to specifically identify any factual dispute as required by local federal rule 56(c). DUCivR 56-1(c). Magistrate Judge Wells issued a ruling on March 24, 2010, advising him on the deficiencies of his memorandum and providing instruction on how to cure the defects. Despite instruction and additional time, he failed to re-submit a memorandum in compliance with local rule 56. As a pro se litigant, Mr. Smith was afforded additional opportunities to appropriately present his case. Nevertheless, he is required to follow the same rules of civil procedure that govern all other litigants. *Garrett v. Selby, Conner, Maddux, & Janner*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, this court finds that Magistrate Judge Wells correctly deemed the Defendants' statement of facts admitted for purposes of summary judgment.

In conducting its *de novo* review, this court will address Mr. Smith's causes of action against Delta before turning to the causes of action against Mr. Sawaya and Ms. Davison for race discrimination and retaliation in violation of Title VII of the Civil Rights Act, age discrimination

in violation of the Age Discrimination in Employment Act (ADEA), defamation, and intentional interference with economic relationship.

The United States Bankruptcy Court for the Southern District of New York issued a Confirmation Order discharging all claims against Delta arising out of events occurring before April 30, 2007. *See* 11 U.S.C. § 1141(d)(1). Mr. Smith argues that his claims are exempt from the discharge under 11 U.S.C. § 523(a)(6) for willful or malicious injury. However, the exception does not apply for two reasons. First, the exception in section 523(a) applies only to an "individual debtor", and not a corporation. *See* 11 U.S.C. § 523(a), *Yamaha Motor Corp. U.S.A. v. Shadco, Inc.*, 762 F.2d 668, 669 (8th Cir. 1985). Second, a debt for willful or malicious injury is excepted from discharge if the creditor timely files a proof of claim and timely request for a determination of dischargeability, unless the creditor had notice or actual knowledge of the case in time for such timely filing. 11 U.S.C. § 523(a)(3)(B). With full knowledge that bankruptcy proceedings were taking place, Mr. Smith waited until six months after the conclusion before asserting his claims against Delta.[1] Therefore, Mr. Smith's claims against Delta are barred by the Confirmation Order. This court GRANTS summary judgment in favor of Delta with respect to all claims against it.

Mr. Smith's claims against Defendants Sawaya and Davison for race discrimination and unlawful retaliation in violation of Title VII, and unlawful age discrimination in violation the ADEA also fail as a matter of law. "Supervisors and employees may not be held personally

---

[1] Mr. Smith tries to justify his delay by arguing that the notice he received stated that all persons with claims arising prior to September 14, 2005, had to file a proof of claim before August 21, 2006. Because the events giving rise to Mr. Smith's claims occurred a few months after September 14, 2005, he argues that the deadline did not apply to him. Exceptions to discharge are strictly construed in favor of discharge. *Jones v. Warren Construction*, 296 B.R. 447, 450 (Bankr. M.D. TN 2003). Mr. Smith does not receive the benefit of nondischargeability, allowing him to assert claims after a confirmation order has been issued because he did not fit squarely within the deadline in the notice when he had full knowledge that bankruptcy proceedings were taking place.

liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 (10th Cir. 2007). Additionally, the ADEA does not provide for individual liability because 29 U.S.C.S. § 623 only prohibits age discrimination by employers, employment agencies, and labor organizations. Therefore, this court GRANTS summary judgment in favor of Mr. Sawaya and Ms. Davison with regard to these claims.

Mr. Smith's claim for defamation was required to be brought within one year. Utah Code Ann. § 78B-2-302(4). In Utah, the statute of limitations does not begin to run until the defamatory statement is known or reasonably discoverable by the plaintiff. *Allen v. Ortez*, 802 P.2d 1307, 1314 (Utah 1990). Mr. Smith admits that he knew of Ms. Davison's alleged defamatory comment sometime before October 23, 2006. Mr. Sawaya's alleged defamatory comment stems from a November 2005 performance evaluation. Mr. Smith filed his claims on October 31, 2007, more than one year after either comment by Defendants. Therefore, Mr. Smith's cause of action for defamation is barred by the statute of limitations, and this court GRANTS summary judgment in favor of Mr. Sawaya and Ms. Davison.

Finally, to establish liability for intentional interference with economic relationship, a plaintiff must show (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose, (3) causing injury to the plaintiff. *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 65. When the defendants are also employees, "the plaintiff must establish that the defendants were acting outside the scope of their employment for purely personal reasons." *Id.* "Employees act for purely personal motives when their actions are in no way connected with the employer's interests." *Id.* Based on the accepted facts, this court concludes that Mr. Sawaya and Ms. Davison acted within the scope of their

employment by conducting an investigation into alleged Buddy Pass violation by Mr. Smith, resulting in his termination from employment. Nothing in the record indicates that Mr. Sawaya and Ms. Davison were acting for purely personal motives. Therefore, this court GRANTS summary judgment in their favor.

This court AFFIRMS Magistrate Judge Well's May 12, 2010 Report and Recommendation. Accordingly, summary judgment is GRANTED as to all claims in favor of Defendants. The Clerk of Court is directed to close the case.

DATED this 26th day of July, 2010.

BY THE COURT:

DALE A. KIMBALL
United States District Judge